IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARON SCOTT, )
)
                    Plaintiff,      )        Case No. 1:12-cv-416-HO
)
                         v.          )        FINDINGS & RECOMMENDATION
)
Commissioner of Social Security,    )
)
                    Defendant.       )
)

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's claim for social security disability insurance benefits.

Plaintiff asserts disability beginning April 10, 2009,[1] due to symptoms from lumbar disc disease, left epicondylitis, and obesity. The Administrative Law Judge (ALJ) determined plaintiff is not

---

[1]Plaintiff initially alleged disability beginning January 6, 2009, but amended the onset date at the hearing before the Administrative Law Judge.

1 - FINDINGS AND RECOMMENDATION

disabled.  Plaintiff argues that the ALJ erred by: (1) improperly rejecting medical opinion; (2) improperly discrediting plaintiff's subjective testimony; and (3) finding that plaintiff retains the ability to perform her past work.

Examining physician Robin Rose, M.D., diagnosed plaintiff with severe lumbar disc disease.  Dr. Rose opined that plaintiff is limited to a total of two hours of standing and walking with breaks every 20 minutes, and two hours sitting with breaks every 30 minutes, in an eight-hour workday.  Dr. Rose also concluded that plaintiff could lift and carry five pounds frequently and 10 pounds occasionally, and that plaintiff was additionally limited with respect to climbing, balancing, stooping kneeling, crouching, crawling, reaching, and pushing or pulling.  Tr. 241.  Dr. Rose also identified limitations with respect to plaintiff's auditory, visual and communicative abilities causing interference with focus and concentration.  Tr. 242.  Finally, Dr. Rose opined that plaintiff should never be exposed to extreme heat, cold, fumes and hazards as well as rarely exposed to wetness or humidity.  Tr. 242.

Plaintiff's treating chiropractor, Todd Harris, opined that plaintiff is limited: to sitting, standing and walking for a total of two hours per day; by a need for breaks every 15 minutes for a period of 20 minutes; to never lifting; and by her reduced ability to use hands and arms.  Tr. 214-15.  Dr. Harris further opined that plaintiff's symptoms would cause her to miss more than four days of

2 - FINDINGS AND RECOMMENDATION

work per month.  Tr. 215.

The ALJ rejected these opinions.  The Commissioner concedes the ALJ erred with respect to this rejection.  However, the Commissioner argues that a remand for further proceedings, as opposed to a remand for benefits, is necessary.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)).  Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings.  McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).  Evidence should be credited

> that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Where an ALJ provides legally insufficient reasons for rejecting medical opinion, that opinion is treated as true.  Harmen v. Apfel, 211 F3d. 1172, 1179 (9th Cir. 2000).  The medical opinions in this case establish plaintiff retains the ability to perform less than full-time sedentary work.  Even if plaintiff

could perform full-time work within the full sedentary range, the limitation to sedentary work combined with plaintiff's age of 54 as of the alleged onset date, her education level of a GED, and no transferable skills, dictates a finding of disability under the Administration's vocational guidelines.  See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14 (a person closely approaching advanced age (50-54), who is a highschool graduate with no transferable skills is disabled if limited to sedentary work).  As a result, accepting the medical opinion establishes disability and there are no further issues that need to be resolved.  Therefore, the Commissioner's motion to remand for further proceedings should be denied.

CONCLUSION

For the reasons stated above, the Commissioner's motion to remand for further proceedings (#20) should be denied.  Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner should be reversed and the case remanded for an award of benefits.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.

4 - FINDINGS AND RECOMMENDATION

Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this _____ day of ~~May,~~ June 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION